IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONWIDE JUDGMENT RECOVERY, INC. as assignee of Matthew E. Orso, in his capacity as successor court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com for Receiver Kenneth D. Bell, <br><br> Plaintiff, <br><br> v. <br><br> GILBERT SALINAS, (a member of the Defendant Class of Net Winners in ZeekRewards.com); TODD DISNER, et al., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | Case No. 3:21-mc-00251-S |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Assignee/Judgment Creditor Nationwide Judgment Recovery, Inc.'s (Nationwide) Motion for Entry of Judgment in Garnishment Action (ECF No. 24). For the reasons stated, the Motion should be GRANTED and judgment entered for Nationwide.

On August 14, 2017, a final judgment was entered against Defendant Gilbert T. Salinas in the amount of $92,991.57 plus judgment interest of 1.22% annually for his alleged benefitting from the Ponzi scheme "ZeekRewards." Index Final J. at 31, *Bell v. Disner*, No. 14-00091 (W.D.N.C. Jan. 14, 2015),

1

ECF No. 179-1. The underlying judgment awarded Matthew E. Orso the judgment against Gilbert T. Salinas as the successor court-appointed Receiver for Rex Venture Group, LLC (RVG). Mot. J. 2 (ECF No. 24). Orso assigned his rights and interests to Nationwide on December 16, 2019. Regis. J. 5-6 (ECF No. 1). Nationwide then registered the judgment with this Court and applied for several writs of garnishments against Salinas's debtors, including JP Morgan Chase Bank, N.A. (JP Morgan). Appl. Writ 1-3 (ECF No. 5). The Clerk of Court issued the writ of garnishment for JP Morgan, Writ Garnishment 1-3 (ECF No. 7-2), and JP Morgan answered that it was indebted to Salinas for $2,302.28 and incurred $750 in attorneys' fees. JP Morgan's Orig. Answer 1-3 (ECF No. 13). Nationwide now seeks to enforce a judgment for the garnished debts. Mot. J. 2-3.

> Federal Rule of Civil Procedure 69 provides that:
>
> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). "As actions supplemental to or in aid of execution, garnishment actions are governed by state law to the extent it does not conflict with federal law." *Fed'n of State Massage Therapy Bds. v. JP Morgan Chase Bank, N.A.*, 2021 WL 4319661, at *1 (S.D. Tex. Sept. 23, 2021) (cleaned up) (quoting *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575,

595 (5th Cir. 2006)). Texas Rules of Civil Procedure state that:

> [s]hould it appear from the answer of the garnishee or should it be otherwise made to appear and be found by the court that the garnishee is indebted to the defendant in any amount, or was so indebted when the writ of garnishment was served, the court shall render judgment for the plaintiff against the garnishee for the amount so admitted or found to be due to the defendant from the garnishee . . .

Tex. R. Civ. P. 668. Additionally, "[w]here the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution." Tex. R. Civ. P. 677.

Here, JP Morgan has answered that it is indebted to Salinas in the amount of $2,302.28, and that it incurred $750 in attorneys' fees. JP Morgan's Orig. Answer 2. There has been no objection nor response to Nationwide's Motion for Judgment. Notice 1-2 (ECF No. 31). In view of the reasonable fees and uncontroverted answer by JP Morgan, the Court should grant the Motion and enter judgment for Nationwide less attorneys' fees charged against Salinas's account.

**SO RECOMMENDED.**

December 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).